No. 11-3337

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 23, 2011
LEONARD GREEN, Clerk

OKERA J. KIRK,   )
                 )
   Petitioner-Appellant,   )
                 )
v.               )   O R D E R
                 )
UNITED STATES OF AMERICA,   )
                 )
   Respondent-Appellee.   )
                 )

      Okera J. Kirk, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed under 28 U.S.C. § 2255. Kirk seeks a certificate of appealability under Federal Rule of Appellate Procedure 22(b) and asks for leave to proceed in forma pauperis.

      In 2005, Kirk pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced him as an armed career criminal to 190 months' imprisonment. A panel of this court affirmed Kirk's conviction and sentence, finding the district court did not commit plain error in accepting Kirk's guilty plea. *United States v. Kirk*, 240 F. App'x 66 (6th Cir. 2007).

      In December 2008, Kirk filed a § 2255 motion arguing that his counsel rendered ineffective assistance by failing to challenge his armed career criminal sentence on the basis that Kirk did not have the required number of predicate offenses. He requested an evidentiary hearing. The government argued in response that Kirk had waived his right to collaterally attack his conviction and sentence. Alternatively, the government argued that Kirk was not entitled to an evidentiary hearing because the record established that he had at least three qualifying prior

convictions—assault, felonious assault, and aggravated vehicular assault. The district court found that Kirk had not waived his right to assert an ineffective assistance of counsel claim in a § 2255 motion. However, the district court denied the motion as being without merit for the reasons expressed in the government's response brief. The district court denied Kirk's motion for reconsideration in a marginal entry order.

In his application for a certificate of appealability, Kirk reasserts his claim that counsel rendered ineffective assistance by not challenging the government's reliance on two of Kirk's earlier convictions as qualifying predicate offenses.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To do so, he need only show that the district court's decision is debatable. *Miller-El*, 537 U.S. at 336. It is debatable whether Kirk's counsel was ineffective for failing to challenge the government's contention that one of his prior convictions—for aggravated vehicular assault—qualifies as a violent felony and permitted him to be sentenced under 18 U.S.C. § 924(e). *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Armed Career Criminal Act ("ACCA") provides that any person who violates § 922(g) and has three prior convictions for a "violent felony or a serious drug offense" committed on different occasions shall be sentenced to not less than fifteen years in prison. *See* 18 U.S.C. § 924(e)(1). A "violent felony" is any crime punishable by imprisonment for a term exceeding one year that: "i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(i)-(ii); *see also* U.S.S.G. § 4B1.2(a).

Kirk contends that his counsel was ineffective for failing to argue that aggravated vehicular assault under Ohio law is not a violent felony. The government argued that the offense was a violent

No. 11-3337
- 3 -

felony because it was punishable by a prison term exceeding one year and because the offense has as an element the "use of physical force against the person of another." The district court adopted this conclusion without discussion. The conclusion, however, is debatable. At the time of the indictment, the Ohio statute provided as follows: "No person, while operating or participating in the operation of a motor vehicle . . . shall *recklessly* cause serious physical harm to another person." Ohio Rev. Code. 2903.08(A) (1996) (emphasis added). Decisions from the Supreme Court and this court, decided before Kirk was sentenced, suggest that an offense requiring a mens rea of only recklessness cannot qualify as a violent felony under the ACCA's "use of physical force" clause, which is the only clause on which the government and the district court relied. *See Leocal v. Ashcroft*, 543 U.S. 1, 7, 10 (2004); *United States v. Portela*, 469 F.3d 496, 498-99 (6th Cir. 2006); *see also United States v. McMurray*, — F.3d —; 2011 WL 3330061, at *4-6 (6th Cir. Aug. 4, 2011). Thus, it appears the objection potentially had merit, and it is debatable that counsel was ineffective for failing to make it. And if counsel was deficient in not raising the issue, Kirk was likely prejudiced thereby because he could not have been sentenced under the ACCA absent a third conviction for a violent felony.[1]

Accordingly, Kirk's application for a certificate of appealability is granted. Counsel shall be appointed to assist Kirk in the prosecution of his appeal. The clerk should issue a briefing schedule with respect to the following issue: whether counsel rendered ineffective assistance by

---

[1] Kirk also contends that his counsel was ineffective for failing to argue that his conviction under Ohio law for assault was not a violent felony. He notes that the statute punishes both reckless and knowing assaults, and contends that it is not clear that he was convicted of a knowing form of the offense. Although Kirk is correct that the statute covers both forms of assault, *see* Ohio Rev. Code § 2903.13(A)-(B) (1994), the indictment states that Kirk was charged with knowing assault, which clearly has as an element the use of physical force against the person of another. *See* Government's Sentencing Mem., Ex. 1, at 4 (R. 19); *see also Shepard v. United States*, 544 U.S. 13, 16 (2005). Therefore, it is beyond debate that counsel was not ineffective for failing to challenge the government's use of the assault conviction as a predicate offense.

No. 11-3337
- 4 -

failing to challenge whether Kirk had the requisite number of predicate offenses to be sentenced under the ACCA. Kirk's motion to proceed in forma pauperis is granted.

ENTERED BY ORDER OF THE COURT

Clerk